RASHKEN *v.* SMITH.

1. VENDOR AND PURCHASER—OPTION TO PURCHASE LAND—DEMAND FOR CONTRACT WITHOUT TENDER OF PAYMENT NOT AN ACCEPTANCE.

   Where an option to purchase land on contract within a specified time on the payment of a certain amount recognized that there were imperfections in the title which should later be cleared at the vendor's expense, demand by the vendee for the execution of a contract within the time limited, which was not accompanied by a tender of the stipulated payment, did not amount to an acceptance of the option entitling the vendee to a contract.[1]

2. SAME—WAIVER.

   Negotiations with the vendor's attorneys after expiration of the option period and after notice of forfeiture had been given, did not lead to an extension of the option period or waiver of the forfeiture, where the vendor at all times kept matters within her personal control and stood upon her strict rights.[2]

3. SPECIFIC PERFORMANCE—MAY NOT BE DEMANDED UNLESS TERMS OF OPTION COMPLIED WITH.

   Although acceptance may be signified by filing a bill for specific performance within the option period, no such bill may be maintained if it rests upon a demand for a contract contrary to the terms of the option.[3]

Appeal from Wayne; Dingeman (Harry J.), J. Submitted June 24, 1926. (Docket No. 64.) Decided October 22, 1926. Rehearing denied January 3, 1927.

Bill by Moe D. Rashken against Anna Smith for specific performance of an optional land contract.

[1]Vendor and Purchaser, 39 Cyc. p. 1239; [2]Id., 39 Cyc. p. 1243; [3]Id., 39 Cyc. pp. 1238, 1241.

From a decree dismissing the bill, plaintiff appeals. Affirmed.

*George B. Murphy,* for plaintiff.

*Condon & Condon* (*Peter L. Jorgenson,* of counsel), for defendant.

WIEST, J.    December 11, 1924, defendant, in consideration of $1,000, gave Percival J. Havers an option to purchase her farm of 80 acres in the township of Livonia, county of Wayne, within 75 days, for the sum of $99,000, payable $23,000 within the 75 days and $76,000 in 7 yearly installments.    The option provided that imperfections in the title, if any, should be cleared in proceedings instituted by defendant, or, in case of her neglect then by the purchaser at her expense.    The option expired by its terms February 24, 1925.    Havers assigned the option to plaintiff some little time before February 24th.

February 24, 1925, plaintiff gave defendant notice of his purchase of the option from Havers, together with a request that she execute and deliver a land contract, but excused himself from then paying the $23,000, stating there were

"some material, if not fatal defects in the title, and, of course, under the terms of said contract, I would be entitled, before making further payments on the contract, to have these cleared up."

No money was paid or tendered at that time.    That was the last day of the option, but defendant agreed to meet plaintiff at the office of her attorneys, in the city of Detroit, the next day.    The next day she was at the office of her attorneys and waited there four hours for plaintiff.    Plaintiff not appearing, or sending any word, defendant sent him a written notice of forfeiture of the option.    February 24, 1925, plaintiff filed the bill herein for specific performance of the

option and by amendment brought in subsequent events and attempted negotiations, including a later tender of the $23,000. Plaintiff claims his attorney was engaged in court February 25th, and could not meet plaintiff, and that later negotiations were had with her attorneys followed by a meeting of the parties at the office of defendant's attorneys on May 6, 1926. At that meeting defendant flatly refused to waive the forfeiture or to execute the contract. Plaintiff then tendered $23,000, which was refused. The circuit judge dismissed the bill and plaintiff appealed.

Plaintiff is not entitled to specific performance. He waited until the last day in the afternoon to signify acceptance and then, under an erroneous view of the option, demanded a contract without making the payment stipulated, and, when defendant extended the time of performance to the next day, he at once filed the bill and gave no heed to the appointment. The asserted defects in the title were ancient matters and could have been easily composed in a suit to quiet title, and, under the terms of the option, did not permit acceptance without payment of the $23,000. Subsequent negotiations attempted with defendant's attorneys led to no extension of time within which to tender performance or operate as a waiver of the forfeiture, for defendant at all times kept matters within her personal control and stood upon her strict rights.

Counsel for plaintiff contends that

"A written acceptance of the option within the time specified changes the option into a valid executory contract of sale binding upon the parties."

We need but say that an acceptance imposing a condition contrary to the terms of the option brings no such result. Acceptance may be signified by bill for specific performance filed within the option period, but no such bill can be maintained if it rests upon

a demand for a contract contrary to the terms of the option.

Plaintiff made no case and the decree dismissing his bill is affirmed, with costs to defendant.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.